### Messick v. Kincaid.

(Decided April 10, 1912.)

#### Appeal from Boyle Circuit Court.

Streets—Dedication of Strip of Ground for—Attempt to Reinvest with Title.—Where one laid out a part of her property into lots, and in order to sell them dedicated to the city a strip of ground in front of the lots, making a street extension, and on the faith of such dedication, a sale of a lot was made to appellee, the one making the dedication will not be heard to say that the property dedicated for the street has not been accepted by the city for that purpose. Nor can she reinvest herself with title thereto, for those who have purchased lots have acquired an interest in the property dedicated for street purposes.

CHENAULT HUGUELY and C. C. BAGBY for appellant.

WM. S. LAWWILL for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

In May, 1907, D. H. Kincaid purchased of Lily Messick a lot in Danville, Kentucky, for $500. This lot was situated on the north side of Green street, as proposed, but said street had not, at the date of this sale, been extended past the front of this lot. In order to give to the purchaser an outlet to said street the grantor, on the same day upon which this conveyance was made, deeded a strip of land to the Board of Council of the Town of Danville, extending Green street beyond this lot and also another lot lying west of it. The deed to the Town Council provided, as follows:

"The party of the first part dedicates to the Board of Council of the Town of Danville, to be used as a public highway and street of said town, for the benefit of the various adjoining land owners and all persons traveling thereon, and to be an extension of the present Green street of said town, the following parcel of land."

Then followed the description. In June, 1908, Lily Messick sold to Kincaid the lot lying west of the lot purchased by him in 1907. In 1909, the grantor, Lily Messick, executed and recorded an instrument, styled an "indenture," in which she attempted to reinvest herself with a strip of ground seventeen feet square in the southwest corner of the plot of ground which she had dedicated to the town. Shortly thereafter she fenced said ground and took possession of it. The plot of ground so taken possession of by her, it is alleged, lies immediately in front of the second lot sold to Kincaid. He at once instituted a suit, in which he sought to have the defendant, Messick, enjoined and restrained from enclosing, fencing up or interfering with the free use of that portion of Green street which she had dedicated to the town, and also to have her compelled by mandatory process to remove from said street the fencing and obstruction which she had placed therein.

For answer the defendant in a way denied that she had deprived the plaintiff of the use of said street as a highway, and also denied that plaintiff was entitled to the use of the particular portion of said land dedicated to the town as a highway by her, which he described in his petition as having been fenced up by defendant. It seems there is a spring flowing out of the ground at this particular point, and defendant also denied that the plaintiff was entitled to the use of this spring.

Upon a consideration of the pleadings and exhibits the chancellor was of opinion that the plaintiff was en-

titled to the relief sought and so adjudged, directing the defendant to remove from the street the obstructions placed therein by her, and permanently enjoining her from further obstructing said street. She appeals.

At the outset it is insisted for appellant that no cause of action for injunctive relief is presented by the record in this case. In Alexander, &c. v. Tebeau, &c., 24 Rep., 1305, this identical question was before the court. Plaintiffs there sought to have the defendants enjoined from closing a ten foot alley in the rear of their property. A demurrer was sustained to the petition and, upon consideration here, the court said of these acts on the part of the defendants:

"They have no more right to fence up this alley on which her coal house and stable front than they would have to close Florence Place on which her residence fronts. It was dedicated to the public in the original plat subdividing the property into lots for sale, and the deed by defendant, Dulaney, &c., to their vendor, Willis, calls for it. We are of opinion that in so far as the petition sought to restrain defendants from fencing up or in any wise interfering with plaintiff's right to the use and enjoyment of this alley that the petition set up a good cause of action, and the demurrer should have been overruled."

Most applicable to the case at bar is the language quoted. Here the appellant had laid out a portion of her property into lots and, in order to sell them, had dedicated to the city a strip of ground in front of the lots, making an extension of Green street. On the faith of such dedication a sale of one of said lots had been made to appellee, and appellant will not now be heard to say that the property dedicated to the trustees of the city for a street has not been accepted by the city for that purpose. Nor can she reinvest herself with title thereto, for appellee and others who may have purchased lots have acquired an interest in and a right to the use of this property dedicated by appellant for street purposes. Not having the right to reinvest herself with the title to this property, it must be treated, at least so far as she is concerned, as one of the public ways of the town and, being such, she had no right to obstruct its free use by appellee or others who desired to use it. There is no merit in the defense. Appellee was entitled to the relief sought and the chancellor correctly so held.

Judgment affirmed.